THE NEW JERSEY INSURANCE COMPANY v. JOHN H. MEEKER ET AL.

The assignee of a mortgage, acquiring the equity of redemption, may keep alive such mortgage as a part of his title.

This was an action of covenant.

The facts were these: The defendants are the heirs of Samuel Meeker, deceased. In March, 1861, Samuel Meeker made a conveyance of the premises in question to the New Jersey Insurance Company, the plaintiff; this deed contained a covenant against encumbrances, an alleged breach of which is the ground of this suit. The encumbrance that was set up as a breach was an alleged dower right in Adelia T. Halsted, the wife of Oliver S. Halsted, Jr., deceased.

The history of the title was this: The premises originally belonged to William Wright; in 1833, he conveyed to Mr. Van Antwerp for $6250, and on that conveyance took a mortgage from Mr. Van Antwerp for $6000; on the 11th of March, 1837, Mr. Van Antwerp conveyed to Mr. Duryee, subject to the mortgage to Wright; on the 31st of March, 1845, Mr. Duryee conveyed to Oliver S. Halsted, Jr., and on the following day, the 1st of April, 1845, Mr. Wright assigned the mortgage of Mr. Van Antwerp to Mr. Samuel Meeker; on the 7th of December, 1855, Mr. Halsted—his wife, Adelia T., not joining in the deed—conveyed his equity of redemption to Mr. Samuel Meeker; on the 30th of May, 1856, the sheriff of the county of Essex, under sundry executions against Oliver S. Halsted, Jr., sold and conveyed these premises, for the sum of $40, to William A. Wrighter, who, on the 11th of June, 1856, for the consideration of $1, conveyed them to Samuel Meeker, and who, on the 26th of March, 1861, conveyed to the plaintiff. The defendants likewise alleged that, at the date of this conveyance, and as a part of the transaction, Mr. Meeker assigned and transferred to the plaintiff the Van Antwerp mortgage.

New Jersey Insurance Co. v. Meeker.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *John W. Taylor* and *Thos. N. McCarter*.

For the defendants, *Ludlow McCarter*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. From the statement of facts prefacing this opinion, it will be observed that the only question in dispute is, whether the mortgage estate that was passed by Mr. Van Antwerp to Mr. Wright has been extinguished, or still exists in the hands of the insurance company, the plaintiff in this suit. But for the estate created by this mortgage, it is admitted that the covenant counted on has been broken, and that the plaintiff is entitled to recover, for the conveyance made by Oliver S. Halsted, Jr., was not executed by his wife, and the sale subsequently made by the sheriff could not divest her interest. The sequence of essential events is this: Van Antwerp purchased the premises of Wright, giving a mortgage for the principal part of the purchase money, and the property, with this encumbrance upon it, came to Oliver S. Halsted, Jr., and about the same time the mortgage just mentioned was assigned by Mr. Wright to Mr. Samuel Meeker, to whom Halsted, some time afterwards, conveyed the equity of redemption. In this latter conveyance Mrs. Halsted did not unite, so that, unless barred by the mortgage, she became, upon the death of her husband, entitled to her dower in this property. On the one side it was contended, at the trial, that Mrs. Halsted was thus entitled to her dower, because this mortgage estate had been extinguished; and on the other side, that her claim to dower had no legal force, on the ground that such mortgage estate still subsisted in the hands of the plaintiff. This is the issue before this court on the present motion.

The particular of evidence principally relied on to substantiate the contention that the mortgage in question was paid

off, and that the estate thereby created had been extinguished, was the clause containing the receipt of the consideration money, in the deed from Oliver S. Halsted, Jr., to Samuel Meeker.

From the construction which I put upon this instrument, it is not necessary to decide whether or not the copy from the record of this deed was properly in this case, under the aspect of the case at the trial. I will assume, for present purposes, it to be legal evidence. What was its effect?

It is not disputed that, when this transfer of title occurred, Meeker was the holder and owner of the Van Antwerp mortgage. The deed from Halsted conveyed to him the equity of redemption. In order to let in the estate in dower in the widow of Halsted, and which is the encumbrance alleged by the plaintiff to occasion the breach of the covenant sued on, it is necessary to maintain that the estate under this mortgage made by Van Antwerp has been obliterated. But it is obvious that the union of the equity of redemption and of the conditional fee derived from the mortgage, does not, *ipso facto*, produce that result. This has been already completely settled by a line of decisions in this state, which will be found accurately collated in *Stew. Dig.*, *p.* 759, *title " Merger."* These adjudications establish the rule that the mortgagee acquiring the equity of the mortgagor, may, if his interest lies in that direction, retain the rights inherent in his mortgage, so that he may set it up against any opposing claim to which it is a bar. If, therefore, in this case, Meeker saw fit so to do, he had the legal capacity to keep alive his estate as mortgagee, for the purpose of cutting off the dower right which is now claimed to exist. The inquiry consequently is, whether he did so keep this branch of his title alive.

It is contended by the counsel of the plaintiff that the receipt contained in this Halsted deed is conclusive evidence, as an inference of law, that Meeker extinguished altogether the mortgage in question, and that it cannot now be erected as a muniment of title against this claim to dower: The clause thus invoked is in the words following: " This indenture,

&c., witnesseth that the said Oliver S. Halsted, Jr., for and in consideration of the sum of eleven thousand eighty-seven $\frac{78}{100}$ dollars, the amount of the mortgage advances made, with interest, lawful money, &c., to him in hand well and truly paid," &c. The argument is, that this receipt is an acknowledgment of the payment of the money due upon the mortgage, and that thereby the mortgage was, for every purpose, annulled. But upon mature reflection, it is my conclusion that this receipt cannot have the legal effect which is sought to be attributed to it. In order to work an extinguishment of the mortgage estate, it is necessary that the transaction should be such as to show that it was the understanding of the parties to it that it should be attended with such consequence. If Halsted had paid the money due on this encumbrance himself, retaining the equity of redemption, and without taking an assignment of such encumbrance, the act would have been susceptible of but the single interpretation—that both parties designed that the mortgage should be extinguished for all purposes. Such would be the legal consequence of such a transaction. But the present affair was altogether of a different character. Halsted had no interest in the payment of this mortgage ; he was not the obligee in the bond secured by the mortgage, and was not in anywise liable to pay the money, so that, upon his parting with the equity of redemption, it was a matter of entire indifference to him whether or not the mortgage was vacated. The premises in question were alone the debtor for the money in question, for Meeker had agreed, when the mortgage was assigned to him, that he would absolve Van Antwerp from liability on his bond, and would look to this land alone as his security. Under these circumstances, Halsted had no motive to seek an extinguishment of the mortgage estate. Nor, when carefully scrutinized, will the language which is embodied in this receipt bear the signification given to it by the counsel of the plaintiff. It plainly appears that the property was mortgaged to its full value, and that the equity of redemption was almost valueless. To treat, therefore, a conveyance of such equity as payment of the

mortgage would scarcely be rational. In the nature of things, it could not be a payment of the mortgage, and consequently all that this receipt, fairly construed, could mean was, that in consideration that Meeker held a mortgage that encumbered the property to its full value, Halsted conveyed it to him without putting him to the trouble and expense of a foreclosure. There is nothing, therefore, in this transaction, as described in this deed, that evinces that it was the agreement between these parties that the conditional estate held by Mr. Meeker, by virtue of his mortgage, should be extinguished.

With respect to the further inquiry whether Mr. Meeker destroyed his mortgage or treated it as annulled, or held it as a part of his title, such inquiry was properly left, at the trial, as a part of the investigation committed by the law to the jury. The mortgage had been lost, but there was strong evidence to show that it had been retained by Mr. Meeker, and that he had assigned it to the plaintiff at the time of his conveyance of the premises. It had never been canceled on the record, and from the position of Halsted towards his creditors, there was great improbability in the supposition that Mr. Meeker would have consented to the cancellation of his mortgage. The verdict has followed the clear line marked out by the evidence. Under such circumstances, the court can have neither the power nor the wish to interfere with it.

This result has an apparently inequitable aspect when we look at the situation of the plaintiff. The widow of Mr. Halsted, in her suit for dower against the plaintiff, was successful, and it is now held, in this action for indemnification, that such dower has no legal existence. The verdicts in these two suits are in exact opposition. This is certainly to be deplored, but the court cannot disturb the present finding, which appears to be right, because a former verdict, in a suit between other parties, appears, if the evidence on both occasions was the same, to have been wrong. In the case pending we cannot judicially know what were the conditions of the first controversy, with respect to the proofs, but it is the legitimate inference that the testimony in that instance was

not what it is as it is now presented, for if it had been, the conclusion at that time would have been the same as that now attained. However this may be, it is clear that this contrariety in results is not the fault of the law, for if the plaintiff had given notice of the pendency of the former action to the parties in interest, the judgment in that case would have been binding upon them, and inconsistent conclusions, with regard to the same state of facts, would have been impossible.

The rule must be discharged.